## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**IRR GAS STATION CORP.**

**Plaintiff,**

**v.**                                           CIVIL NO. 19-2146 (GAG)

**PUMA ENERGY CARIBE, LLC.**

**Defendant.**

## OPINION AND ORDER

Plaintiff IRR Gas Station Corp. ("IRR Gas" or "Lessor") filed suit against Defendant PUMA Energy Caribe ("Puma" or "Lessee") in the Commonwealth of Puerto Rico Court of First Instance alleging breach of contract and requesting compensatory damages. (Docket No. 1). On December 20, 2019, Defendant removed the case to this Court based on diversity jurisdiction, 28 U.S.C. §1441, arguing that the controversy involves declaratory relief that exceeds $75,000, 18 U.S.C. §1332(a). Id.

Pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction, FED. R. CIV. P. 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). (Docket No. 9). Defendant also avers that the complaint should be dismissed for lack of standing or ripeness. Id. at 11. At the same time, Defendant posits that the breach of contract claim fails because Puma has complied with the rent payments in the lease agreements. Id. IRR Gas timely opposed Defendants' motions to dismiss. (Docket No. 16).

After reviewing the parties' submissions and the pertinent law, the Court **DENIES** Defendant's Motion to Dismiss at Docket No. 9.

### I.    Relevant Facts and Procedural Background

IRR Gas alleges that between May and September 2013, it leased the Service Stations 936 and 561 to Puma. (Docket No. 1-1 ¶¶ 5, 14). Plaintiff posits that Defendant has complied with the

Civil No. 19-2146 (GAG)

payments, yet failed to provide the adequate equipment and property maintenance, as required by the parties' contracts. Id. ¶ 18. According to IRR Gas, the cost of this maintenance, "throughout the years is calculated in a sum of no less than $100,000.00, per each of the stations." Id. ¶ 23.

Plaintiff also contends that Defendant breached the contracts by failing to repair the damages sustained after Hurricane María, not filing the required report to the Environmental Quality Board ("EQB") and not obtaining property and public liability's insurance, as established in the leases. Id. ¶¶ 24-26. IRR Gas avers that its loss, for this claim's purpose, "is valued in a sum of no less than $2,000,000.00 for each of the stations." Id. ¶ 27. Furthermore, the damages caused by the risk of losing the permits, due to the service stations' closure, is calculated in the sum of $1,500,000.00 for each of the stations. Id. ¶28.

On January 23, 2020, Puma filed a motion to dismiss IRR Gas's Complaint under FED. R. CIV. P. 12(b)(1) and Rule 12(b)(6). (Docket No. 9). Defendant argues that Plaintiff lacks standing to sue as it "has not suffered an injury in fact and these claims are abstract and/or hypothetical." Id. at 14. In the alternative, Puma posits that Plaintiff's claims should be dismissed at this stage under the doctrine of ripeness provided that the events in the Complaint have not occurred. Id. Defendant alleges that Plaintiff's breach of contract claim is not actionable since Puma has complied with the payments of both service stations. Id. at 15. Moreover, Defendant states that Plaintiff is responsible for restoring the service stations because the damages suffered were caused by Hurricane María, an unforeseeable event and the lease agreements' clauses state that the Lessor is responsible for restoring any part of the properties damaged or destroyed "by any cause not attributable or ascribable to Lessee." Id. at 16.

Plaintiff opposed, (Docket No. 16), and Defendant replied. (Docket No. 23).

Civil No. 19-2146 (GAG)

## II.     Standard of Review

1
2        As courts of limited jurisdiction, federal courts must construe their jurisdictional grants
3    narrowly. See Destek Grp., Inc. v. State of New Hampshire Pub. Utilities Comm'n, 318 F.3d 32
4    (1st Cir. 2003). When subject matter jurisdiction is challenged under Rule 12(b)(1), FED. R. CIV. P.
5    12(b)(1), the party asserting jurisdiction carries the burden of demonstrating its existence. See
6    Valentín v. Hospital Bella Vista, 254 F.3d 358, 62-63 (1st Cir. 2001). The Court, when deciding
7    whether to dismiss a complaint for lack of subject matter jurisdiction, "may consider whatever
8    evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99
9    F.3d 1200, 1210 (1st Cir. 1996). See also Torres v. Bella Vista Hosp., Inc., 523 F.Supp.2d 123, 132
10   (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as
11   Rule 12(b)(6). See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres,
12   523 F. Supp. 2d at 132.

13       Similarly, when considering a motion to dismiss for failure to state a claim upon which
14   relief can be granted, FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step
15   process under the current context-based "plausibility" standard established by the Supreme Court.
16   See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (citing Ocasio-
17   Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556
18   U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must
19   "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or
20   merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. A complaint does not need
21   detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported
22   by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678–79. Second, the court must
23   then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing
24   all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."

Civil No. 19-2146 (GAG)

Schatz, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678–79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

III.     Discussion and Legal Analysis

A. Standing and Ripeness

Defendant argues that Plaintiff lacks standing because the following damages are speculative: (1) the EQB may impose sanctions and close the stations; (2) Plaintiff has lost clientele due to the service stations being closed or that it has a "contractual right" to receive benefits from the stations' clientele, and (3) the Service Stations' closures will lead to permit loss and it would take effort and time to acquire them. (Docket No. 9 at 14-15). Defendant argues that, in the alternative, Plaintiff's claims should be dismissed pursuant to the ripeness doctrine since "the alleged events have not even occurred." Id. at 14.

Plaintiff opposed Puma's motion to dismiss and posits that Defendant's failure to comply with the permits and the "Regulations of Underground Storage Control" is not speculative considering the EQB has already imposed fines. (Docket No. 16 at 8-9). Additionally, Plaintiff noted that it is at risk of permanently losing its license to operate gas service stations after Puma

4

**Civil No. 19-2146 (GAG)**

1  failed to pay the EQB fines. <u>Id.</u> Defendant replied to Plaintiff's opposition and avers that IRR Gas

2  does not address Puma's lack of standing claim, effectively waiving the argument, and thus its

3  motion to dismiss "should be granted in its entirety." (Docket No. 23 ¶7).

4      Article III of the Constitution limits federal jurisdiction to actual controversies. U.S. CONST.

5  art. III, § 2, cl. 1. <u>See</u> <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 71 (1st Cir. 2012). A controversy exists

6  when plaintiff shows "a personal stake in the outcome of the controversy as to assure that concrete

7  adverseness which sharpens the presentation of issues upon which the court so largely depends."

8  <u>Id.</u> (citing <u>Baker v. Carr</u>, 369 U.S. 186, 204 (1962)). When considering a motion to dismiss for lack

9  of standing before the discovery stage, a court must "accept as true all well-pleaded factual

10  averments in the . . . complaint and indulge all reasonable inferences therefrom in his favor." <u>Reddy</u>

11  <u>v. Foster</u>, 845 F.3d 493, 497 (1st Cir. 2017) (citing <u>Kerin v. Titeflex Corp.</u>, 770 F.3d 978, 981 (1st

12  Cir. 2014)).

13      Standing requires that a plaintiff complies with three elements: "injury in fact, traceability,

14  and redressability." <u>ITyX Sols. AG v. Kodak Alaris, Inc.</u>, 952 F.3d 1, 9 (1st Cir. 2020) (citing <u>Kerin</u>,

15  770 F.3d at 981). On the other hand, the ripeness doctrine "seeks to prevent the adjudication of

16  claims relating to 'contingent future events that may not occur as anticipated, or indeed may not

17  occur at all.'" <u>Reddy</u>, 845 F.3d at 500 (citing <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998)).

18  During an analysis under this doctrine, the court must analyze "whether there is a sufficiently live

19  case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts." <u>Id.</u>

20  at 501 (citing <u>Roman Catholic Bishop of Springfield v. City of Springfield</u>, 724 F.3d 78, 89 (1st

21  Cir. 2013)). When deciding to withhold a decision for ripeness Court must also analyze "the harm

22  to the parties seeking relief that would come to those parties." <u>Id.</u> (citing <u>Labor Relations Div. of</u>

23  <u>Constr. Indus. of Mass., Inc. v. Healey</u>, 844 F.3d 318, 330 (1st Cir. 2016)).

24

Civil No. 19-2146 (GAG)

As a threshold matter, the Court stresses that even though Plaintiff may have failed to timely object Defendant's lack of standing claim (Docket No. 23 ¶ 7), this does not imply that the undersigning has to automatically dismiss the case on this ground. This is not how our federal judicial system works. See Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990) ("We do not agree with defendant that a court may, without notice, take a failure to respond to a motion to dismiss as a default, warranting dismissal irrespective of substantive merit."). See also Rivera v. Marriott Int'l, Inc., Civil No. 19-1894 (GAG), 2020 WL 1933968 at *5 (D.P.R. 2020).

First, the Court must determine if Plaintiff has standing to bring its breach of contract claim. The Court highlights that the party asserting federal jurisdiction bears the burden of demonstrating its standing. See De León v. Vornado Montehiedra Acquisition L.P., 166 F. Supp. 3d 171, 174 (D.P.R 2016). Each element required to prove standing must be supported "with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

All factual allegations contained in the Complaint, if taken as true, establish an "injury-in-fact" because the stations, under Puma's control, have suffered structural damages that have not been repaired and Defendant has allegedly failed to periodic file reports to the EQB, which has resulted in fines and may evolve to future, more severe sanctions. (Docket Nos. 1-1 ¶ 7, 25; 16 at 8). See Reddy, 845 at 500 ("An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or [if] there is a '"substantial risk" that the harm will occur"); see also Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). Moreover, Plaintiff plausibly alleges damages in the sum of $500,000 for each station for the lack of maintenance (Docket No. 1-1 ¶ 24) and for Puma's alleged failure to conserve the properties in good condition. (Docket No. 16 at 7). These allegations can be traced to Puma's purported breached of contract, which IRR Gas can plausibly prove and redress in a favorable decision. Katz, 672 F.3d at 71.

**Civil No. 19-2146 (GAG)**

Ultimately, what truly matters at this early stage is that "enough facts [exist] to raise a reasonable expectation that discovery will reveal evidence." Gov't of Puerto Rico v. Carpenter Co., Civil No. 18-1987 (GAG), 2020 WL 962931 at *5 (D.P.R. 2020) (citing Twombly, 550 U.S. at 556). That seems to be the case at hand. See Peña Martinez v. Azar, 376 F. Supp. 3d 191, 200 (D.P.R. 2019). The Court's standing analysis further shows that this case has a sufficiently live controversy that shall be ripe for disposition after discovery is conducted. Reddy, 845 F.3d at 500.

For all the forgoing reasons, the Court **DENIES** Defendants' motion to dismiss at Docket No. 9 as to its standing and ripeness claims.

B. Breach of Contract

In the alternative, Defendant argues that it has always complied with its main contractual obligation: rent payments, as stipulated in the service stations' agreements. (Docket No. 9 at 15). As to IRR Gas's breach of contract claim, Puma puts forward that it does not have a contractual obligation to upkeep the stations and reconstruct the property, if damaged by any reason. Id. at 16. Defendant avers that the lease agreements state that Plaintiff is responsible for reconstructing the stations to their original condition when they are damaged or destroyed in any event not attributed to the Lessee. Id. Under this scenario, Puma argues that the Complaint accepts that the stations' damages were caused by Hurricane María, which cannot be attributed to Puma's maintenance of the stations. Id. Moreover, Defendant alleges that Plaintiff generally failed to identify the stations' use and operation damages that Defendant has allegedly yet to repair. Id. at 17.

Defendant further avers that Plaintiff failed to state how Puma breached the agreements "essential condition" to maintain the governmental agencies permits necessary for the gas stations' operations and did not to explain how Puma also breached its obligation to provide the equipment's maintenance. Id. at 18-19. Finally, Defendant posits that it did not breach any obligation to obtain an insurance policy for Station 561 because the lease agreement does not encompass it. Id. at 19.

7

Civil No. 19-2146 (GAG)

IRR Gas opposed Puma's Motion to Dismiss and posits that the agreements establishes that Puma was required to make these repairs in order to maintain the properties in "good condition." (Docket No. 16 at 7). Plaintiff alleges that both stations leased to Puma have suffered structural damages, the equipment and structures inside the stations are in bad condition and the electric power has been disconnected. Id. Plaintiff argues, once again, that Defendant did not maintain in good state the stations' equipment, failed to file the environmental reports to EQB, as required by the lease agreements, and failed to obtain the property's insurance policy that include damages to third parties required by the lease of Station 936. Id. at 12-15.

In its reply to Plaintiff's opposition, Defendant puts forward that the contract requires IRR Gas to restore the structural damages caused by Hurricane María and Plaintiff failed to "identify how Puma caused the disruption or damages on the property to be under the obligation to repair it." (Docket No. 23 ¶ 10-11).

Pursuant to Commonwealth of Puerto Rico law, when a court is faced with a contractual dispute it must first determine if the terms of the contract are clear. See P.R. LAWS ANN. tit. 31, § 3471. "Once a court determines that the terms of the contract are sufficiently clear . . . the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." Fernández-Fernández v. Mun. of Bayamon, 942 F. Supp. 89, 94 (D.P.R. 1996). "Only if the literal terms of the contract are in doubt will it be necessary . . . to examine or interpret the contract with the help of extrinsic evidence." Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F. Supp. 98, 106 (D.P.R. 1993); see also Autoridad de Carreteras y Transportación v. TransCore Atl., Inc., 387 F. Supp. 3d 163, 166 (D.P.R. 2017).

After this initial analysis, to prove a claim for breach of contract "a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages." TC Investments, Corp. v. Becker, 733 F. Supp. 2d 266, 278 (D.P.R. 2010) (citations omitted). A contract breach only

Civil No. 19-2146 (GAG)

requires "a single, readily ascertainable, event." <u>Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am.</u>, LLC, 794 F.3d 200, 206 (1st Cir. 2015).

Additionally, when ruling on a motion to dismiss, a court may consider documents, *e.g.* contracts, submitted by the parties. <u>See</u> <u>Am. Mgmt. And Admin. Corp. v. Solid Rock Wall Sys.</u>, 186 F. Supp. 2d 69, 70 (D.P.R. 2002). A court usually converts a motion to dismiss into a motion for summary judgment when evaluating such extrinsic evidence. FED. R. CIV. P. 12(b). Nevertheless, there are exceptions to this rule "when the documents' authenticity is not in dispute, . . . documents are central to the plaintiff's claim, or when they are sufficiently referred to in the complaint." <u>Am. Mgmt. And Admin. Corp.</u> 186 F. Supp. 2d at 71; <u>see also</u> <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993). If considering extrinsic evidence to establish the intent of the contracting parties is necessary, then the Court should abstain because this issue must be left to the factfinder, unless the extrinsic evidence is "so one-sided that no reasonable person could decide the contrary." <u>Wells Real Estate Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E.</u>, 615 F.3d 45, 54 (1st Cir. 2010); <u>see</u> <u>also</u> <u>Comité Fiestas De La Calle San Sebastian, Inc. v. Cruz</u>, 170 F. Supp. 3d 271, 275-76 (D.P.R. 2016)

The Court has considered and reviewed the lease agreements between the parties (Docket Nos. 9-1; 9-2) and holds that Plaintiff has plausibly plead enough facts to support a breach of contract claim. <u>See</u> <u>Schatz</u>, 669 F.3d at 55. At this stage of the litigation, the claims are sufficient "to raise a reasonable expectation that discovery will reveal evidence" as to the gas stations' structural damages, the present and future monetary fines and sanctions imposed to Puma and their connection to each parties' primary and secondary contractual obligations. <u>Twombly</u>, 550 U.S. at 556. Specifically, discovery may reveal "the missing link" as to whether Hurricane María was the main cause for the structural and equipment damages or whether it was the Lessee and/or Lessor's failure to maintain the station in good condition, previous and after such catastrophic event. <u>See</u> <u>Menard v.</u>

**Civil No. 19-2146 (GAG)**

CSX Transp., Inc., 698 F. 3d 40, 45 (1st Cir. 2012). Hence, once discovery concludes and these issues of fact are perhaps resolved, the Court shall be in a better position to interpret the leases agreements and determine who is ultimately responsible for the stations' restoration. See García-Catalán v. United States, 734 F.3d 100, 104-05 (1st Cir. 2013). The Court may revisit the breach of contract argument at a later stage, if warranted.

Plaintiff's factual allegations sufficiently comply with the plausibility standard required under Rule 12(b)(6), consequently, the Court hereby **DENIES** Defendants' motion to dismiss at Docket No. 9 as to the breach of contract claim.

**IV.    Conclusion**

For the reasons expressed above, the Court **DENIES** Defendant's motion to dismiss. (Docket No. 9).

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of July, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge